UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 97- 1509




MAGISTRATE
BANDSTRA

BIG TOMATO, a Florida corporation,

Plaintiff,

vs.

TASTY CONCEPTS, INC., a Florida corporation, d/b/a BIG TOMATO MARKET GRILL, DANIEL SERAFINI, an individual, and BARRY HALL, an individual,

Defendants.

_______________________________________/

**COMPLAINT**

Plaintiff, THE BIG TOMATO, hereby sues Defendants, TASTY CONCEPTS, INC., a Florida corporation, d/b/a BIG TOMATO MARKET GRILL, DANIEL SERAFINI, an individual, and BARRY HALL, an individual, and alleges as follows:

**PARTIES**

1. Plaintiff, THE BIG TOMATO, is a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business in Miami, Florida. Plaintiff is the owner and operator of a restaurant named THE BIG TOMATO, located in Miami, Florida .

2. On information and belief, Defendant TASTY CONCEPTS, INC. d/b/a BIG TOMATO MARKET GRILL ("Tasty"), is a Florida corporation, which is the owner of a restaurant known as "BIG TOMATO MARKET GRILL," located in Pembroke Pines, Florida.

3. On information and belief, Defendant DANIEL SERAFINI ("Serafini") is an individual residing in the State of Florida and is a director of Defendant Tasty and a co-owner of the restaurant known as "BIG TOMATO MARKET GRILL."

4. On information and belief, Defendant BARRY HALL ("Hall") is an individual residing in the State of Florida and is a co-owner of the restaurant known as "BIG TOMATO MARKET GRILL."

## JURISDICTION

5. This action is based on the following: service mark infringement and false designation of origin, description or representation as to Defendants' services; injury to and misappropriation of business reputation; dilution; unfair competition; deceptive trade practices; and false and misleading statements. This Court has jurisdiction by virtue of Title 15 U.S.C. § 1121 and §1125(a) and Title 28 U.S.C. §§ 1331, 1332, 1338(a), 2201 and 2202. The Court also has jurisdiction over the pendent claims arising under state law pursuant to 28 U.S.C. § 1338(b).

## COUNT I

## 15 U.S.C. § 1125

6. Plaintiff repeats and realleges Paragraphs 1 through 5 as if fully set forth herein.

7. This Count is for service mark and trade name infringement and false designation of origin and false description or representation under the trademark laws of the United States, 15 U.S.C. Sec. 1051 *et seq.*, and more particularly under 15 U.S.C. Sec. 1125 (a).

8. Since at least as early as August of 1994, Plaintiff has continuously used in interstate commerce, in connection with restaurant services, the mark THE BIG TOMATO.

9. On August 16, 1996 THE BIG TOMATO filed a United States Trademark Application, Serial No. 75-086,102 for Restaurant Services with the United States Patent and Trademark Office. A copy of the filing receipt of the Application is attached hereto as Plaintiff's Exhibit A.

10. Plaintiff has used and is currently using the mark THE BIG TOMATO to identify its services and to distinguish them from the services of others by, among other things, prominently displaying the mark THE BIG TOMATO on its menus and other advertising and promotional materials.

11. THE BIG TOMATO restaurant has received widespread publicity in, among other things, newspapers and magazine articles which have been widely circulated throughout the State of Florida and the United States, all of which have familiarized the public with Plaintiff's services and mark THE BIG TOMATO. Furthermore, Plaintiff has expended large sums of money promoting and advertising the mark THE BIG TOMATO in publications circulated in Florida, has presented promotional literature in New York and elsewhere, and has used other media so as to familiarize the public with the nature and high quality of its services. Because of these efforts to promote its name and mark in interstate commerce, Plaintiff's restaurant has developed a reputation for fine quality dining in the United States, including Florida where it won **"Best New Restaurant in South Florida in 1995"**, and which reputation is continuously expanding.

12. Notwithstanding Plaintiff's prior, continuous and extensive use of the mark THE BIG TOMATO, the Defendants have adopted and made prominent use of Plaintiff's service mark without the permission or authority of Plaintiff and, upon information and belief, with full knowledge of Plaintiff's prior rights in the mark, by opening, owning and operating a restaurant under the name and mark "BIG TOMATO MARKET GRILL." Defendants have advertised services under this name and mark as shown by the copies of **Defendants' menu attached as Plaintiff's Exhibit B**.

13. Prior to the opening of the "BIG TOMATO MARKET GRILL" restaurant, Plaintiff, individually and through its attorneys, demanded that Defendants not use the name "BIG TOMATO MARKET GRILL" for its restaurant, through both verbal and written communication to Defendant Serafini and the attorney for Defendant Tasty. See December 28, 1995 letter attached hereto as as Exhibit C. Despite Plaintiff's demands, the Defendants ignored Plaintiff's requests and superior rights in the mark THE BIG TOMATO and began to use the name "BIG TOMATO MARKET GRILL" on or about January 1, 1996.

14. Still later, Plaintiff, through its attorneys, again demanded by both verbal and written communications that Defendants cease and desist using the name "BIG TOMATO MARKET GRILL." See March 26, 1997 letter attached hereto as Exhibit D. Despite Plaintiff's repeated demand, Defendants have continued to use the name "BIG TOMATO MARKET GRILL."

15. Defendants' use of the name "BIG TOMATO MARKET GRILL" in connection with their aforesaid restaurant constitutes willful and deliberate infringement of Plaintiff's service mark THE BIG TOMATO and has caused, and is likely to continue to cause, confusion, mistake and deception as to the source, sponsorship or affiliation of their restaurant, and the services offered by

them, in that persons are likely to mistakenly believe that Defendants' restaurant is in some way associated with, sponsored by or licensed by Plaintiff, all to the irreparable damage and injury of Plaintiff. In addition, Defendants' have advertised in newspapers which are sold in the same area that Plaintiff's restaurant is located and in which certain articles have been written about both Plaintiff's and Defendants' restaurants, all of which contributes to and increases the likelihood of confusion.

16. Specifically, in a newspaper article appearing in the Miami Herald, Defendant Barry Hall even acknowledged the confusion between the Plaintiff's mark THE BIG TOMATO and his restaurant's name "BIG TOMATO MARKET GRILL," stating "I wouldn't want customers to mistake the two. People won't know where they are going or calling." This confusion was further compounded by printing two versions of the same article in the Miami Herald - the Dade County edition ran the story with a photograph of Plaintiff and its restaurant, while the Broward County edition ran the story with a photograph of Defendants and their restaurant. **(Exhibits E-F).**

17. Furthermore, Plaintiff attempted to establish a franchise restaurant in the same county where Defendants' restaurant is located, but received resistance from the City Commission due to the confusion between the two marks.

18. Defendants have used the name "BIG TOMATO MARKET GRILL" and have caused their services under that name to be advertised, offered and sold in interstate commerce. These acts of Defendants constitute a false description and representation that Defendants and Defendants' services are authorized by, sponsored by, or affiliated with Plaintiff, all in violation of 15 U.S.C. Sec. 1125(a).

19. Unless enjoined by this Court, Defendants shall continue to do the acts complained of herein. Plaintiff has been, and will continue to be, damaged by Defendants' aforesaid false designation of origin and false description and representation by reason of the likelihood that the public will be confused as to the source, sponsorship or affiliation of Defendants' restaurant and their services, in that persons are likely to believe that Defendants' restaurant is in some way associated with, sponsored by or licensed by Plaintiff.

20. This damage is irreparable in that the precise amount of compensation which could afford Plaintiff relief for the aforesaid continuing wrongful acts and the damage to Plaintiff's reputation and business is difficult to ascertain, such that Plaintiff's remedy at law is inadequate. Unless Defendants are restrained from doing the wrongful acts complained of, Defendants shall continue to do these acts.

## COUNT II

## FLORIDA STATUTE § 495.151

21. Plaintiff repeats and realleges Paragraphs 1 through 5 as if fully set forth herein.

22. This Count is a separate and related claim for trade name infringement and injury to and misappropriation of business reputation and dilution under the common law of Florida and under Fla.Stat. § 495.151.

23. Plaintiff has expended substantial time, effort and money in advertising, promoting, and developing the fine quality of its restaurant under the mark THE BIG TOMATO and this mark has become widely and favorably known in the United States, including the State of Florida.

CASE NO.

F. That the Court grant Plaintiff such other and further relief as the Court may deem just.

JURY TRIAL IS DEMANDED.

Respectfully submitted
HINSHAW & CULBERTSON
200 South Biscayne Boulevard
Suite 800
Miami, FL 33131
(305) 358-7747

By: ____________________

RONALD L. KAMMER
Florida Bar No. 360589
STEVEN E. EISENBERG
Florida Bar No. 441112
Attorneys for Big Tomato

24. Defendants, with full knowledge of Plaintiff's rights, adopted and are using the name "BIG TOMATO MARKET GRILL" for a restaurant with the deliberate and express purpose of misappropriating and obtaining the benefit of the goodwill and reputation of Plaintiff.

25. The aforesaid acts of Defendants have caused, and are likely to continue to cause, the trade and public to believe erroneously that Defendants are licensed by Plaintiff; or that Defendants' restaurant or financial responsibility are guaranteed by Plaintiff; or that Defendants are sponsored by or otherwise associated with Plaintiff; whereby the business reputation and goodwill of Plaintiff has been, and is likely to be, injured and the distinctive character and quality of Plaintiff's service mark THE BIG TOMATO has been, and is being, diluted, and Plaintiff is otherwise being substantially and irreparably harmed, all to Defendants' benefit and unjust enrichment.

26. Defendants' aforesaid unlawful conduct constitutes trade name infringement and injury to and misappropriation of business reputation and dilution under the common law of the State of Florida and under Fla.Stat. § 495.151, and has damaged Plaintiff in an amount not yet known.

27. This damage is irreparable in that the precise amount of damage to Plaintiff's reputation and business is difficult to ascertain, so that Plaintiff's remedy at law is inadequate. Unless Defendants are restrained under Fla.Stat. § 495.151 from doing the wrongful acts complained of, Defendants shall continue to do these acts.

## COUNT III

## UNFAIR COMPETITION - DECEPTIVE TRADE PRACTICES

28. The Plaintiff repeats and realleges paragraphs 1 through 5 and paragraphs 8 through 13 as if fully set forth herein.

29. This Count is a separate and related claim for unfair competition, deceptive trade practices and false and misleading statements under the common law of Florida and under Fla.Stat. § 501.201, *et seq.*

30. Defendants' aforesaid unlawful conduct constitutes unfair competition, deceptive trade practices and false and misleading statements actionable under the common law of Florida and under Fla.Stat. § 501.201, *et seq.*, and has damaged and aggrieved Plaintiff in an amount not yet known.

31. This damage is irreparable in that the precise amount of damage to Plaintiff's reputation and business is difficult to ascertain, so that Plaintiff's remedy at law is inadequate. Unless Defendants are restrained under Fla.Stat. § 501.211, from doing the wrongful acts complained of, Defendants shall continue to do these acts.

WHEREFORE, Plaintiff prays:

A. That Defendants, their officers, agents, servants, employees, and all those in active concert or participation with them be preliminarily and permanently enjoined from:

1. Reproducing, copying, counterfeiting, colorably imitating, or otherwise using in any way, including as a corporate name, without the consent of Plaintiff, the name "BIG TOMATO MARKET GRILL" or any other term confusingly similar to Plaintiff's mark THE BIG TOMATO, either alone or in combination with other words or marks.

2. The continued acts of false designation of origin and false description or representation of Defendants' restaurant and services complained of herein.

3. The continued acts of unfair competition, service mark and trade name infringement, injury to and misappropriation of Plaintiff's business reputation, dilution and deceptive trade practices complained herein.

B. That Defendants be ordered to deliver for destruction all signs, displays, advertisements, stationery, menus or any other materials in their possession or control or in the possession or control of their agents, which bear the name "BIG TOMATO MARKET GRILL" or any confusingly similar term.

C. That Defendants be required to pay Plaintiff's actual damages and account for and pay over to Plaintiff, all gains, profits and advantages derived by them from their infringement of Plaintiff's service mark, with interest.

D. That Defendants be ordered to pay Plaintiff as punitive damages a sum equal to three (3) times the amount of Plaintiff's actual damages.

E. That Defendants be ordered to pay to Plaintiff interest and the costs of this action and reasonable attorneys' fees.

Corrected
09/26/96

# FILING RECEIPT FOR TRADEMARK APPLICATION



Receipt on the DATE OF FILING of the application for registration and filing fees is acknowledged for the mark identified below. The DATE OF FILING is contingent upon the collection of any payment made by check or draft. Your application will be considered in the order in which it was received and you will be notified as to the examination thereof. Correspondence should be expected from the Patent and Trademark Office in approximately 06 months. When inquiring about this application, include the SERIAL NUMBER, DATE OF FILING, OWNER NAME, and MARK.

MICHAEL J HANAHAN
HINSHAW & CULBERTSON
222 N LASALLE STREET SUITE 300
CHICAGO IL 60601-1081

TM108

**ATTORNEY REFERENCE NUMBER**
736147

## PLEASE REVIEW THE ACCURACY OF THE FILING RECEIPT DATA.

A request for correction to the notice of allowance should be submitted within 30 days to the following address: ASSISTANT COMMISSIONER FOR TRADEMARKS, 2900 CRYSTAL DRIVE, ARLINGTON, VIRGINIA 22202-3513. The correspondence should be marked to the attention of the Office of Trademark Program Control. The Patent and Trademark Office will review the request and make corrections when appropriate.

**SERIAL NUMBER:** 75/151629 **DATE OF FILING:** 08/16/1996
**MARK:** THE BIG TOMATO
**MARK TYPE(S):** TRADEMARK SERVICE MARK
**DRAWING TYPE:** WORDS, LETTERS, OR NUMBERS AND DESIGN
**SECTION 1(A):** YES **SECTION 1(B):** NO **SECTION 44:** NO

---

**ATTORNEY:** MICHAEL J HANAHAN
**OWNER NAME:** Borenstein, Richard
**OWNER ADDRESS:** The Big Tomato
12447 S. Dixie Highway
Miami
FLORIDA 33156
**ENTITY:** CORPORATION
**CITIZENSHIP/DOMICILE:** UNITED STATES

---

| INTERNATIONAL CLASS | DATE OF FIRST USE | DATE OF FIRST USE IN COMMERCE |
|---|---|---|
| 025 | 08/01/1994 | 08/01/1994 |
| 042 | 08/01/1994 | 08/01/1994 |

ONLY THOSE DATES OF USE AND CLASSES FILED UNDER SECTION 1(A) ARE LISTED

---

## GOODS/SERVICES BY INTERNATIONAL CLASS

025-clothing, including T-shirts and sweatshirts
042-restaurant services

ALL OF THE GOODS/SERVICES IN EACH CLASS ARE LISTED





ADDITIONAL INFORMATION MAY BE PRESENT IN THE PTO RECORDS

# HINSHAW & CULBERTSON

CHICAGO, ILLINOIS
BELLEVILLE, ILLINOIS
BLOOMINGTON, ILLINOIS
CHAMPAIGN, ILLINOIS
JOLIET, ILLINOIS
LISLE, ILLINOIS
PEORIA, ILLINOIS
ROCKFORD, ILLINOIS

SUITE 800
200 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131

305.358.7747

TELEFAX 305.577.1063

SPRINGFIELD, ILLINOIS
WAUKEGAN, ILLINOIS
FT. LAUDERDALE, FLORIDA
TAMPA, FLORIDA
ST. LOUIS, MISSOURI
APPLETON, WISCONSIN
BROOKFIELD, WISCONSIN
MILWAUKEE, WISCONSIN

December 28, 1995

FILE NO.

**VIA FACSIMILE AND U.S MAIL**
**CERTIFIED - RETURN RECEIPT**

Joseph Casacci, Esq.
305 S.E. 18th Court
Fort Lauderdale, FL 33316-2829

Re: The Big Tomato v. The Big Tomato Market and Grill

Dear Mr. Casacci:

This law firm represents The Big Tomato Inc. d/b/a The Big Tomato ("The Big Tomato"), a South Florida restaurant which engages in the sale of pizza and related food items. We understand that you represent a Broward County food establishment which is about to open under the name of The Big Tomato Market and Grill. The purpose of this letter is to advise you of our client's prior use of the tradename The Big Tomato and to request that your client cease and desist from any further use of this name. Our client has used this name for a significant amount of time and has expended a substantial amount of money and effort to promote and advertise this name, all of which has resulted in the public's association of this name with our client's establishment. Accordingly, our client is the appropriator and prior user of this tradename under the applicable state and federal trademark law and is therefore entitled to protection under those laws.

Your client's use of The Big Tomato tradename is prohibited under federal and Florida law, specifically, but not limited to, Fla. Stat. § 495.151, federal and state common-law trade name infringement, federal and state common-law unfair competition, 15 U.S.C. § 45, Fla. Stat. § 501.204 and 15 U.S.C. § 1125(a). Your client's failure to cease and desist from further use of the tradename would entitle our client to various remedies including but not limited to the imposition of an injunction, damages, attorneys' fees and costs.

Accordingly, demand is hereby made that your client immediately:



i) cease and desist from using in any manner the tradename "The Big Tomato Market and Grill" or any other tradenames or trademarks which incorporate the words "The Big Tomato";

ii) destroy any and all materials currently in your possession which contain the use of any name similar to our client's trade name, including and specifically, materials containing the name "The Big Tomato Market and Grill"; and

iii) immediately forward to us a Certificate and Affidavit executed by your client confirming that your client has ceased and desisted from using our client's tradename and that your client has destroyed any and all materials containing the name "The Big Tomato Market and Grill."

Demand is hereby made that your client comply with these terms and conditions within five (5) business days of the date of this letter. Nothing herein shall be construed as a waiver of any of The Big Tomato's rights or remedies with respect to the subject matter hereof, at law or in equity, all of which are expressly reserved by The Big Tomato.

Sincerely yours,

**HINSHAW AND CULBERTSON**

Steven E. Eisenberg, Esq.

a:tomato.ltr

HINSHAW & CULBERTSON

CHICAGO, ILLINOIS
BELLEVILLE, ILLINOIS
BLOOMINGTON, ILLINOIS
CHAMPAIGN, ILLINOIS
JOLIET, ILLINOIS
LISLE, ILLINOIS
PEORIA, ILLINOIS
ROCKFORD, ILLINOIS

SUITE 300
200 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131

305.358.7747

TELEFAX 305.577.1063

SPRINGFIELD, ILLINOIS
WAUKEGAN, ILLINOIS
FT. LAUDERDALE, FLORIDA
TAMPA, FLORIDA
ST. LOUIS, MISSOURI
APPLETON, WISCONSIN
BROOKFIELD, WISCONSIN
MILWAUKEE, WISCONSIN

March 26, 1997

FILE NO.
736147

**VIA FACSIMILE NO. (305) 523-3954**
**AND CERTIFIED MAIL**

Joseph Casacci, Esq.
305 S.E. 18th Court
Fort Lauderdale, Florida 33316-2829

**Re: The Big Tomato vs. The Big Tomato Market and Grill**

Dear Mr. Casacci:

As you may recall, this law firm represents The Big Tomato, Inc., d/b/a/ The Big Tomato. I understand that you are still representing The Big Tomato Market and Grill and therefore I am writing to you. If my assumption is incorrect, please advise and/or forward this letter to The Big Tomato Market and Grill.

We understand that your client, The Big Tomato Market and Grill, continues to operate under that name in Broward County, despite our prior demands to cease and desist from such use. This use constitutes an infringement on our client's trademark and is causing damage. The purpose of this letter is to demand this final time that The Big Tomato Market and Grill modify its name so as not to cause confusion with The Big Tomato.

Please let me reiterate the reasons why The Big Tomato has priority to this name. Our client has used this name for a significant amount of time prior to your client's use of the name and has expended a substantial amount of money and effort to promote and advertise its name, all of which has resulted in the public's association of the name with our client's establishment. Our client is the prior user of this name under the applicable state and federal law and is entitled to protection under those laws. In fact, your client had notice of our client's use of this name prior to your client's opening of its establishment. Furthermore, our client has an application pending for the federal registration of this name.

Your client's use of The Big Tomato trade name is prohibited under Federal and Florida law, specifically but not limited to Florida Statute § 495.151, federal and state common law trade name infringement, federal and state common law unfair competition, 15 U.S.C. § 45, Florida Statute



§ 501.204 and 15 U.S.C. § 1125(a). Failure to cease and desist from the use of the name "The Big Tomato Market and Grill" will result in our client availing itself of the above referenced laws and seeking relief in the appropriate courts including but not limited to injunctive relief, damages, attorneys' fees, and costs.

I am available to discuss these issues with you or your client to the extent that you no longer represent The Big Tomato Market and Grill. However, if this matter is not resolved within the next ten (10) days, The Big Tomato will be left with no alternative but to seek its relief in the appropriate courts.

Also, please be advised that Gary Heldenmuth is not an agent or representative of my client and does not speak on behalf of The Big Tomato. He has no authority to bind The Big Tomato or enter into any type of agreement on behalf of The Big Tomato. If there is any confusion as to this, please contact me immediately.

Sincerely yours,

HINSHAW & CULBERTSON

Steven E. Eisenberg

SEE/bar

cc: Mr. Richard Borenstein
Michael J. Hanahan, Esq. ✓
Ronald L. Kammer, Esq.

G:\DATA\736147\CASACCI.002

*PLEASE SEE* **FREEZE, 7B**

Herald 2/15

# Restaurants in a tussle over tomato

## Both lay claim to saucy name

By PATRICIA MALDONADO
Herald Staff Writer

Now playing: the clash of the big tomatoes.

The Big Tomato eatery in Pinecrest is upset with the Big Tomato Market Grill in Pembroke Pines.

The problem: The two unrelated dining spots' similar names.

And soon, the two Big Tomatoes will have a similar street address. Dade's Big Tomato plans to open in a gasoline station west of Interstate 75. That address is just a few miles west of the Big Tomato Market Grill, 8300 Pines Blvd.

Now that the Pinecrest Big Tomato is moving into Broward, things could get messy.

"They stole our name," said Richard Borenstein, owner of the Big Tomato in Pinecrest. "We sent them a cease-and-desist order. They said they had a different name than us. We are going to send them another letter this week and pursue legal action."

At first, the quarrel between the two restaurants seemed

*PLEASE SEE* **RESTAURANTS, 2B**



# New eatery could make clash over name messy

RESTAURANTS, *FROM 1B*

inconsequential. Separated by a county line and many miles, the Big Tomatoes didn't compete.

"Now you're talking about restaurants on the same road a few miles apart. It's upsetting to both sides," said Barry Hall, co-owner of the Big Tomato Market Grill. "I wouldn't want customers to mistake the two. People won't know where they are going or calling."

There is a difference between the eateries.

Hall's eat-in restaurant opened last year in Pembroke Pines. It features a full menu of pastas, seafood dishes, pizzas and hamburgers.

Borenstein's is a pizzeria featuring more than 20 varieties of "tomato" pies. His creation is a puffy souffle voted as the best pizza in South Florida.

"If there's confusion, it's because they caused it," said Borenstein, who opened in 1994 and has applied to hold the Big Tomato trademark.

The fight over a name isn't unusual. The owners of Eastside Mario's, an Italian restaurant based in Aventura, got angry when a restaurant called Mario's East opened on Las Olas Bboulevard in Fort Lauderdale.

Then there's the case of the two bakers — Mario the Baker, a popular North Miami pizzeria, and its knockoff, John the Baker in Pembroke Pines.

Hall and his partner, Dan Serafini, are veterans of the restaurant turf war.

Months after they opened, a fast-food restaurant called Pasta Plenty went up across Pines Boulevard. Pasta Plenty owners planned to put big tomatoes on their awnings.

Hall and Serafini argued that the large fruits outside Pasta Plenty would confuse Big Tomato customers and lure them into the wrong restaurant.

City officials solved the problem. They rejected the awnings with the tomatoes.

Hall says he will try to make some adjustments so customers won't confuse his restaurant with Borenstein's Big Tomato.

Employees will be encouraged to say Big Tomato Market Grill instead of Big Tomato.

And he joked that he would post a sign: "The Big Tomato — without gas."




Herald File

**FACING COMPETITION:** Phyllis and Richard Borenstein, who own The Big Tomato eatery in Pinecrest, want a Pembroke Pines restaurant, the Big Tomato Market Grill, to change its name, saying it could cause confusion for patrons.



2BR
TION, 6BR
LOCAL
The Herald
BR

# You say tomato, I say . . . Eateries battle over name

By PATRICIA MALDONADO
Herald Staff Writer

Now playing in Pembroke Pines: the clash of the big tomatoes.

The Big Tomato eatery in Pinecrest in Dade County is upset with the Big Tomato Market Grill in Pembroke Pines.

The problem: The two unrelated dining spots' similar names.

And soon, the two Big Tomatoes will have a similar street address. Dade's Big Tomato plans to open in a gasoline station west of Interstate 75. That address is just a few miles west of the Big Tomato Market Grill, 8300 Pines Blvd.

Now that the Pinecrest Big Tomato is moving into Broward, things could get messy.

"They stole our name," said Richard Borenstein, owner of the Big Tomato in Pinecrest. "We sent them a cease and desist order. They said they had a different name than us. We are going to send them another letter this week and pursue legal action."

At first, the quarrel between the two restaurants seemed inconsequential. Separated by a county line and many miles, the Big Tomatoes didn't compete.

"Now you're talking about restaurants on the same road a few miles apart. It's upsetting to both sides," said Barry Hall, co-owner of the Big Tomato Market Grill. "I wouldn't want customers to mistake the two.

PLEASE SEE TOMATO, 12BR

THE CLASH OF THE BIG TOMATOES

FERNANDO BARRIGA / Herald Staff



# battling over name

## They'll soon share neighborhood

TOMATO, FROM 1BR

People won't know where they are going or calling."

There is a difference between the eateries.

Hall's eat-in restaurant opened last year in Pembroke Pines. It features a full menu of pastas, seafood dishes, pizzas and hamburgers.

Borenstein's is solely a pizzeria featuring more than 20 varieties of "tomato" pies. His creation is a puffy souffle voted as the best pizza in South Florida by food critics.

"If there's confusion, it's because they caused it," said Borenstein, who opened in 1994 and has applied to hold the Big Tomato trademark.

The fight over a name isn't unusual. The owners of Eastside Mario's, an Italian restaurant based in Aventura, got angry when a restaurant called Mario's East opened on Las Olas Boulevard in Fort Lauderdale.

Then there's the case of the two bakers — Mario The Baker, a popular North Miami pizzeria, and its knockoff, John the Baker in Pembroke Pines.

Hall and his partner, Dan Serafini, are veterans of the restaurant turf war.

Months after they opened, a fast-food restaurant called Pasta Plenty went up across Pines Boulevard. Pasta Plenty owners planned to put big tomatoes on their awnings.

Hall and Serafini argued the large fruits outside Pasta Plenty would confuse Big Tomato customers and lure them into the wrong restaurant.

City officials solved the problem. They rejected the awnings with the tomatoes, rating them high on the tacky and gaudy scale.

Hall says he will try to make some adjustments so customers won't confuse his restaurant with Borenstein's Big Tomato.

Employees will be encouraged to say Big Tomato Market Grill instead of Big Tomato.

And he joked that he would post a sign: "The Big Tomato — without gas."

> *'I wouldn't want customers to mistake the two. People won't know where they are going or calling.'*
>
> BARRY HALL, Big Tomato Market Grill

GARY ... / For The Herald

**FOOD FIGHT:** Barry Hall and Dan Serafini own Big Tomato Market Grill in Pembroke Pines — not to be confused with the Big Tomato.

97-1509

# CIVIL COVER SHEET

CIV-KING

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE BANDSTRA

**I (a) PLAINTIFFS**

BIG TOMATO

**DEFENDANTS**

TASTY CONCEPTS, d/b/a BIG TOMATO MARKET GRILL, DANIEL SERAFINI & BARRY HALL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

A DADE 97CV1509 / JLK / TEB

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Hinshaw & Culbertson
Suite 800, 200 S. Biscayne Blvd.
Miami, FL 33131 305/358-7747

ATTORNEYS (IF KNOWN)

FILED BY ___ D.C.
97 MAY -9

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
**DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS**

**II. BASIS OF JURISDICTION**
(PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**
(For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Service mark infringement and false designation of origin, description of representation as to Defendants' services; injury to and misappropriation of business reputation; dilution; unfair competition; deceptive trade practices; and false misleading statements pursuant to (see attached)

**IVa.** 3 **days estimated (for both sides) to try entire case**

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| | PERSONAL INJURY | | | | |
| ☐ 110 Insurance | | ☐ 362 Personal Injury-Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding ☐ 2. Removed From State Court ☐ 3. Remanded from Appellate Court ☐ 4. Refiled ☐ 5. Transferred from another district (Specify) ☐ 6. Multidistrict Litigation ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 **CLASS ACTION** **DEMAND $** ☐ Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): N/A JUDGE ______ DOCKET NUMBER ______

DATE 5/8/97 SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 676452 Amount: 150.00
M/ifp: ______
Date Paid: 05/09/97

Attachment to Civil Cover Sheet

Re: BIG TOMATO v. TASTY CONCEPTS, et al.

IV. Cause of action

Title 15 U.S.C. § 1121 and § 1125(a) and Title 28 U.S.C. § 1331, 1332, 1338(a), 2201 and 2202.