UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-1509-CIV-KING

BIG TOMATO, a Florida
corporation,

    Plaintiff,

vs.

TASTY CONCEPTS, INC., a Florida
corporation, d/b/a/
BIG TOMATO MARKET GRILL,
DANIEL SERAFINI, an individual,
and BARRY HALL, an individual,

    Defendants.
_____/



### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COUNT III, GRANTING MOTION TO STRIKE, AND DENYING MOTION FOR ATTORNEY'S FEES

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Count III, Motion to Strike Prayer for Punitive Damages, and Motion for Award of Attorney's Fees, filed July 2, 1997. Plaintiff filed a response on July 16, 1997.

### I. Factual Background

Plaintiff is the owner and operator of the Big Tomato, a restaurant located in Dade County, Florida, which has applied for a federal trademark. Defendants are the owners of Big Tomato

Market Grill, a restaurant located in Pembroke Pines, Florida. On May 9, 1997, Plaintiff filed a three-count Complaint in this Court, alleging: (1) Service mark infringement, tradename infringement, false designation, and false representation, in violation of 15 U.S.C. § 1125(a); (2) Trade name infringement, misappropriation of business reputation and dilution, in violation of Fla. Stat. § 495.151; and (3) Unfair competition, deceptive trade practices and false and misleading statements, in violation of Florida's Unfair and Deceptive Trade Practices Act ("UDTPA"), Fla. Stat. § 501.201-13.

## II. Motion to Dismiss Count Three

Defendants move to dismiss Count III on the ground that only consumers may seek relief under UDTPA. "[D]ismissal is justified only when the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim." 5A Wright & Miller, Federal Practice and Procedure § 1357; see also Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986). Upon a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. Marshall County

Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir 1993).

In Count III, Plaintiff seeks damages and an injunction under § 501.211 of UDTPA, which provides in pertinent part:

> (1) . . . [A]nyone aggrieved by a violation of this part may bring an action to . . . enjoin a person who has violated, is violating, or is otherwise likely to violate the act.
> (2) In any individual action brought by a consumer who has suffered a loss as a result of a violation of this part, such consumer may recover actual damages . . . .

This Court has held that a plaintiff has standing to pursue damages under UDTPA only when the alleged deceptive acts involve a "consumer transaction." See Bryant Heating and Air Conditioning, Corp., Inc. v. Carrier Corp., 597 F. Supp. 1045, 1503 (S.D. Fla. 1984); LJS Co. v. Marks, 480 F. Supp. 241, 244 (S.D. Fla. 1979). This Court further held that the fact that UDTPA was amended to include "businesses and corporations" as "consumers" did not alter the prohibition against damage actions brought by businesses against competitors. Id. at 1054. It is now well settled that a competitor may not seek damages under UDTPA. M.G.B. Homes, Inc. V. Ameron Homes, Inc., 903 F.2d 1486, 1494 (11th Cir. 1990) ("[UDTPA] does not apply to suits between competitors"); Darrell Swanson Consolidated Serv. v. Davis, 433 So. 2d 651, 652 (Fla. Dist. Ct. App. 1983) ("[A] cause of action for civil damages under Chapter 501 is legally insufficient in the absence of a showing that the

plaintiff has not previously been engaged the business involved").

Plaintiff argues that the 1993 amendments to UDTPA had the effect of making the statute available to competitors seeking damages. In 1994, however, the Eleventh Circuit addressed the issue of whether a business could bring an action for damages under UDTPA against a competitor for trademark infringement. Babbit Electronics, Inc. v. Dynascan Corp., 38 F.3d 1161, 1182 (11th Cir. 1994). The court held that it could not, stating that "501.210-213 only provides remedies for consumer transactions and has no application to this cause of action." Id. (citing Bryant, 597 F. Supp. at 1053). Plaintiff cites Laboratorios Roldan v. Tex Int'l, Inc., 902 F. Supp. 1555, 1570 (S.D. Fla. 1995) for the proposition that competitors may seek remedies under UDTPA. Roldan, however, was a preliminary injunction case, in which the court merely stated that "palming off" could constitute a violation of UDTPA without addressing the standing issue. Id. Thus Plaintiff has no standing to pursue damages under § 501.211(2) of UDTPA.

Plaintiff has also sought an injunction pursuant to § 501.211(1) of UDTPA. Section 501.211(1) provides that "anyone aggrieved" may seek injunctions under UDTPA. Courts have held that competitors may seek an injunction against continued trademark infringement under § 501.211. See Klinger v. Weekly World News, Inc., 747 F. Supp. 1477, 1480 (S.D. Fla. 1990) ("Without modifying

4

any language, the plain language of [§ 501.211(1)] includes a broader class of complainants than merely 'consumers'"); General Time Corp. v. Big Ben Corp., 1 U.S.P.Q.2d (BNA) 1239 (S.D. Fla. 1986). Consequently, Plaintiff has properly plead a cause for injunctive relief under § 501.211(1) of UDTPA.

### III. Motion to Strike

Defendants move to strike Plaintiff's request that "Defendants be required to pay as punitive damages a sum equal to three(3) times the amount of Plaintiff's actual damages." While Defendants admit that the awarding of treble damages is discretionary under 15 U.S.C. § 1117(a) and Fla. Stat. § 495.141, they assert that such award may not be punitive in nature. Babbit, 38 F.3d at 1183. Plaintiff states in response that it merely wants the discretionary treble damages provided in the statutes. This being the case, the word "punitive" will be stricken from the Complaint.

### IV. Motion for Attorney's Fees

Defendants seeks attorney's fees pursuant to § 501.2105(1) of UDTPA, which provides for the award of attorney's fees and costs to the "prevailing party, after judgment in the trial court and

5

exhaustion of all appeals."[1]  Before attorney's fees may be awarded, judgment must be final and all appeals must be exhausted. Fla. Stat. § 501.2105(1); Heindel v. Southside Chrysler-Plymouth, Inc., 476 So. 2d 266, 268 (Fla. Dist. Ct. App. 1985).  The Motion for Attorney's Fees is denied without prejudice to re-assert at the conclusion of the case.

### IV.  Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully informed, it is

ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss Count III be, and the same is hereby, GRANTED with respect to any claim for damages pursuant to Fla. Stat. § 501.211(1).  It is further

ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss Count III be, and the same is hereby, DENIED with respect to the claim for an injunction pursuant to Fla. Stat. § 501.211(2). It is further

ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Strike be, and the same is hereby, GRANTED with respect to the word

---

[1] A defendant who prevails in a motion to dismiss based on lack of standing is a "prevailing party" for the purposes of § 501.2105.  M.G.B. Homes, Inc. v. Ameron Homes, Inc., 30 F.3d 113 (11th Cir. 1994).

6

"punitive." It is further

ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Attorney's Fees be, and the same is hereby, DENIED without prejudice.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida, this 4th day of August 1997.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

cc: Dale L. Friedman, Esq.
    Steven E. Eisenberg, Esq.
    Joseph Casacci, Esq.